UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-166 PA (KESx) | Date | June 5, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Blaze Trucking LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**  IN CHAMBERS – ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Plaintiff").  The Complaint alleges claims against defendants Blaze Trucking LLC and Gregory Blaise (collectively, "Defendants"), and asserts that the Court possesses diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.

A party seeking to invoke the Court's diversity jurisdiction must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); see Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land and Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998).  Thus, the citizenship of an LLC is established by affirmatively alleging the identity of each of its members and the citizenship of each of its members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-166 PA (KESx) | Date | June 5, 2024 |
|---|---|---|---|
| Title | Ameris Bank v. Blaze Trucking LLC, et al. | | |

Here, the Complaint alleges the following:

> 1.  Plaintiff . . . is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one [of] its divisions, which division has its principal place of business in the State of California, County of Orange.
>
> 2.  Defendant Blaze Trucking LLC ('Blaze Trucking') is, and at all times relevant to this action was, a Pennsylvania limited liability company with its principal place of business in the County of Lehigh, State of Pennsylvania.
>
> 3.  Defendant Gregory Blaise ('Blaise'), an individual, is and at all times relevant to this action was, a resident of the County of Lehigh, State of Pennsylvania . . . .

(Compl. ¶¶ 1–3.) Because a corporation is not necessarily a citizen of the state in which one of its divisions has a principal place of business, Plaintiff has failed to plausibly allege its own citizenship. See 28 U.S.C. § 1332(c)(1). Plaintiff has also failed to plausibly allege the citizenship of Blaze Trucking, given that the Complaint does not allege the identity of its members and their citizenship. See Johnson, 437 F.3d at 899. And because an individual is not necessarily domiciled where he resides, Plaintiff's allegation concerning Blaise's residence is insufficient to plausibly allege his citizenship. See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Accordingly, Plaintiff has failed to adequately allege the citizenship of any party in this action, and, as a result, has not met its burden to establish the Court's diversity jurisdiction.

The Court therefore orders Plaintiff to show cause, in writing, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's response to this Order to Show Cause shall be filed by **June 20, 2024**. Failure to timely and adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of this action without prejudice.

IT IS SO ORDERED.