JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 24-166 PA (KESx) | Date | September 24, 2024 |
|---|---|---|---|
| Title | Balboa Capital Corporation v. Blaze Trucking LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **IN CHAMBERS - COURT ORDER**

    Plaintiff Balboa Capital Corporation ("Plaintiff") filed the First Amended Complaint in this action on July 3, 2024. (Docket No. 24.) On July 30, 2024, the Court issued an Order requiring Plaintiff to file proofs of service of the First Amended Complaint on defendants Blaze Trucking LLC and Gregory Blaise (collectively, "Defendants") by August 23, 2024. The Court advised Plaintiff that "[f]ailure to comply with this Order may result in the imposition of sanctions, including but not limited to dismissal of the First Amended Complaint without prejudice." (Docket No. 25.)

    On August 23, 2024, Plaintiff filed a Declaration by Jared T. Densen, Plaintiff's counsel, describing Plaintiff's efforts to serve the First Amended Complaint on Defendants and requesting an extension of time to do so. (Docket No. 26.) On August 27, 2024, the Court issued an Order explaining that Plaintiff's Declaration was procedurally improper because the Local Rules "do not contemplate requests made in a declaration." (Docket No. 27.) The Court concluded, "Any future requests filed by Plaintiff that fail to conform to the Local Rules will be summarily denied." (Id.) Notwithstanding Plaintiff's improper request, the Court continued the deadline for Plaintiff to file proofs of service of the First Amended Complaint to September 23, 2024. The Court again warned Plaintiff that failure to comply with the Court's Order "may result, without further warning, in dismissal of the First Amended Complaint without prejudice." (Id.)

    On September 23, 2024, Plaintiff, disregarding the Court's prior Order, filed another Declaration by Densen that requests additional time for Plaintiff to serve the First Amended Complaint on Defendant. (Docket No. 28.) This filing is procedurally improper for the same reasons discussed in the Court's August 27, 2024 Order and is therefore denied. Despite having two opportunities to adequately respond to the Court's July 30, 2024 Order, and despite receiving specific instructions from the Court concerning the proper method to request an

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-166 PA (KESx) | Date | September 24, 2024 |
|---|---|---|---|
| Title | Balboa Capital Corporation v. Blaze Trucking LLC, et al. | | |

extension of time, Plaintiff has ignored the Court's instructions and failed to file the required proofs of service by the Court's deadline.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor at least marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Here, Defendants have not been served with the First Amended Complaint, which was filed over two months ago. While Plaintiff attaches diligence reports to its Declaration, Plaintiff has offered no evidence of attempted service after September 3, 2024. See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-166 PA (KESx) | Date | September 24, 2024 |
|---|---|---|---|
| Title | Balboa Capital Corporation v. Blaze Trucking LLC, et al. | | |

The fourth and fifth Henderson factors also favor dismissal. Plaintiff was twice warned that failure to file proofs of service for the First Amended Complaint by the required deadline may result in dismissal of this action. Plaintiff has not filed the required proofs of service and has repeatedly filed extension requests that fail to comply with the Local Rules. Plaintiff's disregard of the Court's orders and failure to comply with the Local Rules suggests a lack of intention to prosecute this action diligently. Finally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the Henderson factors weigh in favor of dismissal.

Accordingly, as a result of Plaintiff's failure to comply with the Court's orders and to diligently prosecute this case, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.